IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03969-NRN

MARIO JOSE TUMAX CANIZ,

    Petitioner,

v.

WARDEN, Denver Contract Detention Facility,
FIELD OFFICE DIRECTOR, Enforcement and Removal Operations, Denver Field
Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] in his official capacity as Secretary of U.S. Department of
Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
PAMELA BONDI, U.S. Attorney General,

    Respondents.

---

## ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Mario Jose Tumax Caniz's ("Petitioner") Verified

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Relief (the

"Petition"). ECF No. 2. Petitioner is a detainee at the Denver Contract Detention Facility

in Aurora, Colorado. *Id.* ¶ 8. He contends that Respondents are improperly subjecting

him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. §

1226(a) governs his detention. Because this is a fundamentally legal debate, there is no

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security, has automatically been substituted as a party to this action.

need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi,* No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner asks that Respondents release him or, in the alternative, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. ECF No. 2 at 13.

Petitioner is a citizen of Guatemala who has been in immigration detention since November 13, 2025. *Id.* ¶ 15. He has resided in the United States since August 26, 2013. *Id.* ¶ 40. Upon entry to the United States, Petitioner was inspected by the U.S. Department of Homeland Security ("DHS"), which issued a Notice of Custody Determination indicating that Petitioner was detained "[p]ursuant to the authority

contained in section 236 of the Immigration and Nationality Act." *Id.* DHS also issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a). *Id.* ¶ 41. After processing by DHS, Petitioner was identified as an "Unaccompanied Alien Child" and transferred into the custody of the U.S. Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR"). *Id.* ¶ 42. On October 10, 2023, HHS released Petitioner into the custody of his father. *Id.* ¶ 43. On May 20, 2014, Petitioner's removal proceedings in Miami were administratively closed and have recently been re-calendared for May 3, 2029 at the Miami Immigration Court. *Id.* ¶ 44. Petitioner is married and has two United States citizen children and resides in Lantana, Florida with his family. *Id.* ¶ 45. He has no criminal history and his employment as a painter is the primary source of financial support for his family. *Id.* On November 13, 2025, Petitioner was arrested in the presence of his eight year old daughter as he was taking her to school. *Id.* ¶ 46. He has been detained, separated from his wife and minor children, without a bond hearing since that time. *Id.* ¶ 48.

Petitioner argues that his detention violates the INA and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 51–57.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as several other judges in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District

3

addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years).

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against

4

substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").

Petitioner also requests attorney fees and costs. ECF No. 2 at 13. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 2, is **GRANTED IN PART** as follows.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear

5

the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil,* 2026 WL 100587, at \*8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at \*4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at \*2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at \*9 (D. Colo. Oct. 22, 2025) ("During such [bond] hearing, the Respondents bear the burden of justifying detention."). **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: March 25, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

6